# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br>  vs.<br>RAPHAEL VILLASENOR,<br><br>                              Defendant. | CASE NO. 14cr3008-LAB<br><br>**ORDER DENYING RULE 35(b) MOTION** |

On October 5, 2015, this Court sentenced Raphael Villasenor for participating in a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 846. This wasn't Villasenor's first felony drug conviction or felony sentencing – he had pled guilty in 2010 to transporting more than 16 pounds of marijuana. Nonetheless, at Villasenor's sentencing – despite stating its reservations[1] – the Court granted the government's motion to depart 6 levels from the presumptive Sentencing Guideline ("USSG") range because the prosecutor proffered that the defendant had provided substantial assistance to the government. *See* USSG, § 5K1.1. The departure reduced Villasenor's custodial exposure by about half; instead of an advisory sentencing range of 151–188 months, Villasenor's faced only 78–97 months.  The Court imposed a 90 month sentence.

The government has now filed a motion under Fed.R.Crim.P. 35(b) asking for a further reduction of Villasenor's sentence. The motion is supported by a declaration from a

---

[1]   Transcript of Sentencing (October 5, 2015), p. 17

1  prosecutor that outlines in the most general terms the basis for the request. The declaration
2  is not specific insofar as when the defendant provided additional assistance or the nature
3  of any such assistance. It doesn't, in particular, attempt to differentiate between assistance
4  the defendant provided *before* he was sentenced and assistance he may have provided
5  *afterward*. *See, e.g.*, p. 2, line 7 of Sealed Declaration in Support of Government's Rule
6  35(b) Motion).

7  Before the Court will consider granting a further reduction of the defendant's sentence
8  for assisting the government, the government must establish that Villasenor hasn't already
9  been credited for the same assistance. This analysis is to be performed "against the
10 backdrop of a defendant's original sentence." *United States v. Tadio*, 663 F.3d 1042, 1053
11 (9th Cir. 2011). The Ninth Circuit has cautioned courts against overvaluing a defendant's
12 cooperation. *See United States v. Ressam*, 679 F.3d 1069, 1091-92 (9th Cir. 2012) (en
13 banc). In *Ressam*, the court reversed, in part, because it determined that the district court
14 had given excessive weight to the defendant's cooperation and, on that basis, imposed a
15 sentence that was too low. *Id*.  Here, because the Court already reduced Villasenor's
16 sentence for assisting the government, there is a similar risk that granting a further reduction
17 will overvalue that assistance. *Tadio*, 663 F.3d at 1048 (court's role in the Rule 35 process
18 is to decide whether to accept the Government's recommendation and, if so, the magnitude
19 of departure as a function of the degree and nature of the cooperation).

20 The government's Rule 35(b) motion is **DENIED** without prejudice. If the government
21 chooses to refile the motion, it must set forth with particularity the nature and extent of
22 Villasenor's assistance *since* the date he was sentenced. Any renewed motion shall include
23 as an attachment the prosecutor's declaration filed in support of the government's original
24 motion for a departure under USSG, § 5K1.1.

25 **IT IS SO ORDERED**.
26 DATED: October 27, 2016

27
28

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge